UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-CR-95 CEJ |
| | ) | |
| IRVIN R. EDDINGTON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Lewis M. Blanton for determination and recommended disposition, where appropriate. On December 12, 2012, Judge Blanton filed a Report and Recommendation with respect to the defendant's motion to dismiss Count Two of the indictment. The defendant filed timely objections to which the United States has responded.

Pursuant to 28 U.S.C. § 636(b)(1), the Court is required to review *de novo* the findings and conclusions of the magistrate judge to which objections have been made. In this case, the facts are not in dispute. The only objection that is specifically directed to the Report and Recommendation is that the magistrate judge erred in relying on United States v. Steffen, 687 F.3d 1104 (8th Cir. 2012) and United States v. Colton, 231 F.3d 890 (4th Cir. 2000), as a basis for denying the motion to dismiss. The remaining portion of the objections consists of a reiteration

of the arguments the defendant presented in the memorandum in support of his motion to dismiss, all of which were considered by the magistrate judge.

Count Two of the indictment charges the defendant with bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. It is alleged that the defendant "devised a scheme and artifice to defraud PCSB [People's Community State Bank], a financial institution insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, and other property owned by and under the custody and control of said financial institution by means of false and fraudulent pretenses and representations." The language in Count Two tracks the language of 18 U.S.C. § 1344. Thus, the Court finds the indictment to be facially valid. See United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008) (indictment that tracks statutory language is sufficient)

Additionally, Count Two contains factual allegations describing actions by the defendant as part of the scheme to defraud. Included in the allegations are that defendant caused false reports to be submitted to the PCSB board of directors and that he made misrepresentations to the board by concealing material information about the irrevocable letters of credit he had issued to his associates. The allegations in Count Two are sufficiently specific to apprise the defendant of the conduct that is deemed unlawful. Further, the factual allegations, if proved, would be sufficient to establish a violation of 18 U.S.C. § 1344. See Steffen, 687 F.3d at 1114 (scheme to defraud a financial institution may be established by affirmative misrepresentations, nondisclosure in the face of an independent/fiduciary/statutory duty to disclose, or active concealment), citing Colton, 231 F.3d at 899. As the magistrate judge

correctly stated, a violation of § 1344 does not require proof that the defendant obtained the letters of credit for his personal enrichment.  See United States v. Britton, 9 F.3d 708, 709 (8th Cir. 1993).  The allegation that defendant "obtain[ed] moneys, funds, credits, assets, and other property" can be established by proof that the defendant issued the unauthorized letters of credit, because by doing so he illegally obtained credits owned by or in the custody of by the bank.

The Court concludes that the magistrate judge did not err in his analysis of the law applicable to the defendant's motion.  Accordingly, for the reasons discussed above,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Lewis M. Blanton [Doc. # 28] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss Count Two of the indictment [Doc. # 23] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2013.